IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DANIEL LARSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | ORDER<br><br>Case No.  2:04CV875DAK |

    This matter is before the court on petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255.  On October 11, 2001, petitioner was found guilty on all counts of the Indictment. On January 7, 2002, petitioner was sentenced to 384 months.  Petitioner appealed on January 15, 2002.  The only issues raised by petitioner in his appeal to the Tenth Circuit were related to his motion to suppress.  The Tenth Circuit affirmed the judgment of the district court.  Petitioner then filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied on October 6, 2003.

    Petitioner's motion raises six claims: (1) that the trial court erred in denying his motion to sever; (2) the trial court erred in precluding the cross-examination of Detective Powell with respect to statements he had made regarding his codefendant; (3) that his trial counsel was ineffective because he failed to make an opening statement and failed to raise the severance and confrontation issues during trial; (4) that his appellate counsel was ineffective; (5) that his sentence violates *Blakely*; and (6) that all of these errors together constitute cumulative error.

If an issue is not raised on direct appeal, the petitioner "is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

Petitioner's claim that the trial court erred in refusing to sever his trial and to allow full cross examination of Detective Powell is without merit. Petitioner has not demonstrated any prejudice in having a joint trial. "Prejudice can be shown "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993). The limitation on cross-examination merely precluded Detective Powell's testimony regarding a statement that would have been inadmissible hearsay. Therefore, no specific trial right was implicated. The court properly held a joint trial and properly excluded the hearsay statements made to Detective Powell. Because Petitioner also relies on these alleged errors as the basis for his claim of ineffective assistance of appellate counsel, that claim is also without merit.

As to Petitioner's claim that his trial counsel was ineffective, he must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Petitioner makes no claim and there is no support in the record for finding that petitioner's counsel was ineffective or that petitioner was prejudiced at any stage

of the proceedings.  Petitioner further claims that his counsel's performance was deficient for failing to make an opening statement.  However, an opening statement is optional and there is a strong presumption that the trial counsel was using sound trial strategy.  *United States v. Miller*, 907 F.2d 994, 998 (10th Cir. 1990).  There is no basis for this court to question trial counsel's strategic decisions in this case.  Petitioner has not demonstrated any actions by his counsel that were prejudicial. In connection with his claim that witnesses should have been called on his behalf, Petitioner fails to identify any such witness. Therefore, Petitioner has failed to demonstrate that his trial counsel was ineffective.

In addition, *Blakely* and the more recent decision in *Booker* do not apply to this case.  In *United States v. Booker*, the United States Supreme Court held that the Guidelines, as enacted, violated a defendant's Sixth Amendment right to a jury trial because the Guidelines require a judge to sentence a defendant based on facts not reflected in a plea of guilty or jury verdict. *Booker*, ___U.S.___, 125 S. Ct. 738, 756 (2005).  The Supreme Court then struck the provision of the federal sentencing statute that made the Guidelines mandatory, leaving the remainder of the statute intact.  *Id.* at 767.  However, *Booker* does not apply retroactively to cases on collateral review.

There are two lines of cases disposing of § 2255 motions based solely upon *Booker*: (1) cases finding that *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness of the criminal proceeding; and (2) cases finding that *Booker* does not apply retroactively because the Supreme Court has not specifically held that it does, as required under *Tyler v. Cain*, 533 U.S. 656 (2001).  Petitioner's motion is denied under both approaches.

When the Supreme Court announces a "new rule," the rule "applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, ___U.S.___, 124 S. Ct. 2519, 2522 (2004). As to already final cases, the new rule applies only in limited circumstances. *Id.* "New *substantive* rules generally apply retroactively. . . . New rules of procedure, on the other hand, generally do not apply retroactively" unless the procedural rule is a "'watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 2522-23 (internal quotations omitted). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id.* at 2523 (internal citations omitted) (emphasis in original).

The Court in *Booker* "did not alter the range of conduct or the class of persons that the law punishes." *United States v. Price*, ___F.3d ___, 2005 WL 535361, *2 (10th Cir. Mar. 8, 2005).[1] Instead, *Booker* merely "altered the range of permissible methods for determining the appropriate length of punishment." *Id.* (quotations omitted). "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Schriro*, 124 S. Ct. at 2523. Thus, *Booker* announces a procedural rule. *See Price*, 2005 WL 535361, *2; *Rucker v. United States*, 2005 WL 331336, *5 (D. Utah Feb. 10, 2005) (holding that *Booker* is a procedural rule);

---

[1] In *United States v. Price*, ___F.3d___, 2005 WL 535361 (10th Cir. Mar. 8, 2005), the court addressed the applicability of *Booker* by analyzing whether *Blakely v. Washington*, __U.S.__, 124 S. Ct. 2531 (2004), was a procedural or substantive rule. *Id.* at *1. However, *Price* does not conclude that *Blakely* applied to the Federal Sentencing Guidelines prior to *Booker*. Instead, the court states, "even if the Court did apply *Blakely* to the federal guidelines, *Blakely* would not apply retroactively to initial § 2255 motions for collateral relief." *Id*; *United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) .

*McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (same); *United States v. Siegelbaum*, 2005 WL 196526, *2 (D. Or. Jan. 26, 2005) (same).

      To determine whether a procedural rule applies retroactively, the court must determine (1) if the procedural rule is a new rule, and (2) if the new procedural rule falls into two limited exceptions to the general rule that procedural rules do not apply retroactively. *Price*, 2005 WL 535361, *4. To determine whether *Booker* was a new rule at the time that Petitioner's conviction became final, the court must first determine the date Petitioner's conviction became final, and second, whether *Booker* announces a new rule. *Id.* at *3. First, "a conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." *Id*. at *2. By pleading guilty, Petitioner waived his right to directly appeal his sentence and challenges his sentence only on collateral review under 28 U.S.C.A. § 2255. Therefore, Petitioner's sentence became final on the date his sentence was entered, October 12, 2004, well before *Booker* was decided by the Supreme Court.

      Second, "[a] rule is new when it 'breaks new ground or imposes a new obligation on the States or the Federal government' or if it 'was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Johnson v. McKune*, 288 F.3d 1187, 1196 (10th Cir. 2002) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)); *Rucker*, 2005 WL 331336, *5. Although prior case law may have foreshadowed *Booker*, it did not compel the decision. *See Price*, 2005 WL 535361, *4. Therefore, *Booker* is a new rule. *See id.*; *Rucker*, 2005 WL 331336, *5 (holding *Booker* is a new rule); *McReynolds*, 397 F.3d at 481 (same); *Siegelbaum*, 2005 WL 196526, *2 (same).

5

New procedural rules generally do not apply retroactively, unless they fall within two limited exceptions under *Teague v. Lane*, 489 U.S. 288, 307 (1989). *See Price*, 2005 WL 535361, *4. First, a new procedural rule will apply retroactively if it "'places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* (quoting *Teague*, 489 U.S. at 307). *Booker* does not fall within this exception. *Id.* Second, a new procedural rule will apply retroactively if it is a "'watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.* (quoting *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997)).

In *Booker*, the Court found the Sentencing Guidelines unconstitutional because they allowed a judge to impose a sentence based on facts neither admitted to nor proven by a jury. 125 S. Ct. at 756. The Court determined in *Schariro*, that judicial factfinding does not implicate fundamental fairness because the evidence is "simply too equivocal" to support the conclusion that judicial factfinding "'so *seriously* diminishe[s]' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." *Schariro*, 124 S. Ct. at 2525 (quoting *Teague*, 489 U.S. at 312-13 (internal quotation marks omitted)). Thus, the judicial factfinding proscribed by *Booker* does not implicate fundamental fairness. *See Price*, 2005 WL 535361, *4. Therefore, *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness and accuracy of the criminal proceeding. Because Petitioner's conviction became final prior to the *Booker* decision, *Booker* does not apply to Petitioner's case.

While the above analysis would dispose of this case, Petitioner's motion is denied on the independent ground that the Supreme Court has not specifically held that *Booker* applies

retroactively to cases on collateral review, as required under 28 U.S.C.A. § 2255(3). Under § 2255, a Petitioner seeking review of his/her sentence based on a "newly recognized" right may do so only if the right was recognized by the Supreme Court and if the Court made the "newly recognized" right "retroactively applicable to cases on collateral review." *Id.* § 2255(3). Therefore, *Booker* applies to § 2255 motions only if (1) it is a "newly recognized" right, and (2) if the Supreme Court made it "retroactively applicable to cases on collateral review." *Id.* First, as discussed above, *Booker* announces a new rule.

Second, under § 2255, the new rule must have been made "retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255(3). The Court in *Tyler v. Cain* interpreted similar language found in 28 U.S.C. § 2244 in determining the retroactive application of *Cage v. Louisiana*, 498 U.S. 39 (1990). *See Tyler*, 533 U.S. 656, 658 (2001). Section 2244 limits courts from awarding relief to prisoners who file successive habeas corpus applications, unless the prisoner "rel[ies] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See id*. at 661-62. The Court found that under § 2244, for a new constitutional rule to apply retroactively to cases on collateral review, the Supreme Court–and the Supreme Court alone–must hold that the rule applies retroactively to cases on collateral review. *See id.* at 662-63. Therefore, the Court found that *Cage* did not apply to successive § 2244 applications because the Court had not specifically held that it applied. *See id.*

The language of § 2255 is similar to § 2244. Section 2255 limits review based on a new constitutional right to those rights "recognized by the Supreme Court and made applicable to cases on collateral review." 28 U.S.C.A. § 2255(3). The *Booker* Court specifically held that its

7

determination applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not, however, hold that it applied retroactively to cases on collateral review, as required by *Tyler* to find retroactive application. Thus, *Booker* does not apply retroactively to cases on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (holding that under *Tyler*, neither *Booker* nor *Blakely* retroactively applies to § 2255 motions); *see also Godines v. Joslin*, 2005 WL 177959, *2 (N.D. Tex. Jan. 27, 2005) (refusing to extend *Booker* to § 2255 motions); *Gerrish v. United States*, 2005 WL 159642, *1 (D. Me. Jan. 25, 2005) (holding that neither *Blakely* nor *Booker* applies retroactively to § 2255 motions).

Finally, because the court has found no errors, there is no need to conduct a cumulative errors analysis. "Cumulative error analysis evaluates the effect only of errors, not the cumulative effect of nonerrors." *United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996). Accordingly, the court denies Petitioner's motion under 28 U.S.C. § 2255.

## CONCLUSION

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and his case is DISMISSED.

DATED this 16th day of May, 2005.

                                          BY THE COURT:

                                          DALE A. KIMBALL
                                          United States District Judge