IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>DANIEL LEE LARSEN,<br><br>           Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:00CR41DAK<br>Case No. 2:04CV875DAK<br><br>Judge Dale A. Kimball |

   Defendant Daniel Lee Larsen has filed a Motion for Relief from a Void Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure in both his original criminal case and his original §2255 civil action.  Under Rule 60(b)(4), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "(4) the judgment is void" Fed. R. Civ. P. 60(b)(4).  Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).  "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).

   Larsen's motion comes after many unsuccessful attempts to attack his sentence.  Larsen initially filed an unsuccessful appeal in his criminal case.  *See United States v. Larsen*, 63 Fed. Appx. 416, 418 (10th Cir. 2003) (unpublished).  Larsen then filed a petition under 28 U.S.C. §

2255 raising challenges to his conviction and sentence.  This court denied the petition on the merits, and the Tenth Circuit denied a Certificate of Appealability.  *United States v. Larsen*, 175 Fed. Appx. 236, 238 (10th Cir. 2006) (unpublished).  Larsen later filed an improper appeal after this court granted a motion allowing the spelling of his name to be corrected on his Judgment.  In 2009, Larsen filed a motion under Rule 36 of the Federal Rules of Criminal Procedure, raising similar issues to those raised in the present motion.  This court found the motion to be procedurally improper and concluded that it lacked jurisdiction.  The Tenth Circuit agreed with this court in a decision released June 2, 2010.  The Tenth Circuit's decision also precluded Larsen from filing a successive petition under Section 2255.  In 2012, Larsen filed a Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(A)(1) and (2), which the court found to be frivolous and merely an attempt to raise the same arguments that this court and the Tenth Circuit had already concluded were without merit.

      Larsen's current Rule 60(b)(4) motion raises many of the same arguments raised in his previous string of unsuccessful motions.  In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), the court outlined "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case." *Id.* at 1216.  "The district court should first determine . . . whether the motion is a true Rule 60(b) motion or a second or successive petition." *Id.*  "If the district court concludes that the motion is a true Rule 60(b) motion, its should rule on it as it would any other Rule 60(b) motion." *Id.* at 1217.  "If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3)." *Id.* (citing 28 U.S.C. § 1631

authorizing transfer of civil actions filed without jurisdiction in the interest of justice "to any other court in which the action could have been brought at the time it was filed or noticed.") "In the case of a 'mixed' motion–that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims–the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization." *Id.*

In determining whether Petitioner's motion is a true Rule 60(b) motion, "[i]t is the relief sought not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). In *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006) explained that "whether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *Id.* "A pleading asserting a 'new ground for relief' from the [criminal] judgment is advancing a new claim and is therefore treated as a successive . . . application." *Id.* "On the other hand, if the pleading only 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' then it is not advancing a new claim and should not be characterized as a successive petition." *Id.*

The court, therefore, must determine whether each of the issues Larsen raises qualifies as a Rule 60(b) motion or a successive § 2255 motion. Larsen asserts the following three arguments: (1) the court violated due process by failing to address his *Apprendi* claim in his original § 2255 petition; (2) the court's judgment is based on jurisdiction errors and violations of

due process and the ex post facto clause so his judgment is void and the court's subsequent § 2255 ruling is void; and (3) § 2255 as amended by the AEDPA is unconstitutional.

Larsen's third argument, by calling into question the constitutionality of § 2255 itself, asserts an alleged fundamental defect in the habeas proceedings and does not constitute a successive petition. Larsen contends that if his arguments cannot be considered by the district court, then § 2255 is unconstitutional because it limits his avenues of judicial review. Larsen, however, has clearly had a constitutionally sufficient number of avenues of judicial review through both his criminal case and his § 2255 civil action. Larsen has had rulings by both this court and the Tenth Circuit on at least three separate occasions. Larsen's assertion that §2255 is unconstitutional because it limits his ability to bring repeated motions is frivolous. To the extent that this claim qualifies as a Rule 60(b) motion attacking the § 2555 process, the court concludes there is no basis in law or fact for Larsen's claim and his claim is denied.

Larsen's first two arguments are substantive attacks on his judgment even though he attempts to phrase them as creating defects in his § 2255 proceeding. Both arguments substantively question the appropriateness of his judgment. Therefore, those two issues are more properly characterized as successive § 2255 claims. Under the terms of § 2255, a second or successive § 2255 motion is not permitted to be filed in the district court absent authorization from the court of appeals. Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  Under Section 2244, any claim presented in a second petition that was presented in the prior petition shall be dismissed.  28 U.S.C. § 2244(b)(1).  Any claim not presented in the prior application shall be dismissed unless the petitioner shows that (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and such facts would establish by clear and convincing evidence and that no reasonable factfinder would have found the petitioner guilty of the underlying offense.  *Id.* at § 2244(b)(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) mandates that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 9*; Coleman v. Unites States*, 106 F.3d 339, 341 (10th Cir. 1997).

The Tenth Circuit has held that "when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631."  *Coleman*, 106 F.3d at 341.  The court may also dismiss the petition for lack of jurisdiction.  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The district court must consider several factors in determining whether a transfer under

28 U.S.C. § 1631 is in the interest of justice. These factors include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. The court must also consider that the court of appeals will not authorize the filing of a second petition unless the petitioner can meet the requirements of Section 2244(b)(2) outlined above.

In this case, Larsen's § 2255 issues are without merit and cannot meet the standards of Section 2244(b)(2). The claims are time barred and have no substantive merit. Therefore, it is not in the interest of justice to transfer the claims to the Tenth Circuit and the claims are dismissed.

For the above reasons, Defendant Larsen's Motion for Relief from a Void Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure is DENIED.

DATED this 29th day of July, 2015.

                                BY THE COURT:

                                *[signature]*

                                DALE A. KIMBALL
                                United States District Judge